| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE DEKALB SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF DEKALB ) | | CAUSE NO. _____ |
| ROBERT LASH, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| MINO II DINER INC., CITY OF GARRETT, ) | | |
| ANTONIETTA CHISHOLM, and DUANE DAYS, ) | | |
| ) | | |
| Defendants. ) | | |

received Feb 12, 2018

## COMPLAINT AND JURY DEMAND

Plaintiff, Robert Lash, alleges as follows against Defendants, Mino II Diner Inc., City of Garrett, Antonietta Chisholm, and Officer Duane Days:

### I. NATURE OF ACTION

1. Defendants expelled Robert Lash, an 81-year-old man with physical disabilities, from an Indiana restaurant in May 2017 by force of police in retaliation for Mr. Lash having his service animal, Heidi, present with him for dinner.

2. Mr. Lash brings this action against the restaurant for discrimination in the provision of public accommodations in violation Title III of the Americans with Disabilities Act; against the City of Garrett as a public entity for discrimination against him on the basis of his disabilities in violation of the Rehabilitation Act and Title II of the Americans with Disabilities Act; against City of Garrett Police Officer Duane Days for the offensive and unlawful seizure of Mr. Lash in violation of the Fourth Amendment to the United States Constitution; and against the restaurant and its owner for the torts of false imprisonment, abuse of process, negligence, negligent supervision and training, and negligent infliction of emotional distress.

## II. PARTIES

3. Plaintiff is Robert Lash. Mr. Lash is and at all times material was an 81-year-old man, a qualified individual with physical disabilities substantially limiting the operation of his major life activities including walking, standing, and performing manual tasks. Mr. Lash's disabilities require he have a service animal for his safety and so that he may enjoy the same benefits, privileges, accommodations, and services of public entities and public accommodations as individuals without disabilities. Mr. Lash's service animal is trained to do work and perform tasks for the benefit of Mr. Lash. 28 C.F.R. § 36.104.

4. Defendant is Mino II Diner Inc. d/b/a Mino II ("Mino"). Defendant Mino is a registered corporation located at 106 S. Randolph Street, Garrett, IN 46738 in DeKalb County. Defendant is a place of public accommodation within the meaning of Title III of the Americans with Disabilities Act and prohibited from discriminating against qualified individuals with disabilities by unlawfully denying them accommodations and services otherwise provided to individuals without disabilities.

5. Defendant is Antonietta Chisholm ("Chisholm"). Defendant Chisholm is the owner and general manager of Defendant Mino. Defendant Mino is liable for the torts and discrimination Defendant Chisholm inflicted on Mr. Lash.

6. Defendant is the City of Garrett ("City"). Defendant City operates the City of Garrett Police Department and employs Officer Days. Defendant City is a public entity and local government within the meaning of the ADA, 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104, and is subject to Title II of the ADA and its implementing regulations. Defendant City is a recipient of federal financial assistance within the meaning of the Rehabilitation Act, 29

U.S.C. § 794; 28 C.F.R. 42.540.

7. Defendant is Officer Duane Days ("Days"). Defendant Days is a City of Garrett police officer who unlawfully seized and expelled Mr. Lash from a place of public accommodation without cause, warrant, or exigent circumstance that would have in any way permitted him to do so, all in violation of the Fourth Amendment to the United States Constitution.

### III. FACTS

8. On May 8, 2017, around 6 p.m., Mr. Lash met a friend for coffee and dinner at Defendant Mino's restaurant in downtown Garrett, Indiana.

9. Mr. Lash had his service animal, Heidi, present with him at the time.

10. Mr. Lash's service animal was at all times designated and used as a service animal and at no time did Mr. Lash's service animal present any health or safety concern at the restaurant.

11. However, after Mr. Lash arrived, Defendant Chisholm told Mr. Lash that he must leave the restaurant because he was a physically disabled individual with a service animal.

12. Mr. Lash explained to Defendant Chisholm that the dog was a service animal and that he was permitted by law to have the service animal with him in a place of public accommodation.

13. Defendant Chisholm, nevertheless, contacted the City of Garrett to have Mr. Lash unlawfully seized and expelled from the restaurant.

14. Defendant Days subsequently arrived at the restaurant with a second officer and seized, expelled, and barred Mr. Lash from the restaurant despite being informed by Mr. Lash that there was no lawful reason to expel him and his service animal from the place of public

3

accommodation.

15. As a result of the Defendants' intentional and wrongful acts, Mr. Lash suffered mental anguish, financial harm, emotional distress, inconvenience, and other damages and injuries

### IV. CLAIMS FOR RELIEF

#### TITLE III OF THE AMERICANS WITH DISABILITIES ACT
#### DEFNDANT MINO

16. Under the ADA, Defendant Mino as a place of public accommodation is specifically prohibited from discriminating against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(a). A place of public accommodation under the ADA specifically includes a restaurant establishment. 42 U.S.C. 12181(7)(B).

17. However, based upon the facts above, Defendant Mino intentionally so violated Mr. Lash's rights by discriminating against him and denying him the benefits and services of public accommodations provided to individual without disabilities.

#### SECTION 504 OF THE REHABILITATION ACT & TITLE II OF THE ADA
#### DEFENDANT CITY

18. Under Section 504 of the Rehabilitation Act, Defendant City, a public entity and recipient of U.S. federal financial assistance, is prohibited from discriminating against qualified individuals with disabilities by denying them the benefits and protections afforded to individuals without disabilities. 29 U.S.C. § 794a.

19. Under Title II of the ADA, Defendant City, a public entity, is prohibited from discriminating against qualified individuals with disabilities by denying them the benefits and protections afforded to individuals without disabilities. 42 U.S.C. § 12132; 28

4

C.F.R. § 35.130(b)(1),(7).

20. However, based upon the facts above, Defendant City intentionally so violated Mr. Lash's rights by discriminating against him and denying him the benefits on the basis and because of his disabilities.

### FOURTH AMENDMENT TO THE U.S. CONSTITUTION
### DEFENDANT DAYS

21. Under the Fourth Amendment to the United States Constitution, a state actor may not subject an individual to unreasonable search and seizure and subject him to detention and forcible order without reason including any exigent circumstance or cause.

22. However, based upon the facts above, Defendant Days intentionally so violated Mr. Lash's rights.

### STATE LAW CLAIMS: FALSE IMPRISONMENT, ABUSE OF PROCESS, NEGLIGENCE, NEGLIGENT SUPERVISION & TRAINING, & NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### DEFENDANTS MINO & CHISHOLM

23. Under the law and policy of this state, a person may not cause an individual to be detained without cause and lacking legitimate authority to do so; misuse with improper ulterior motive court processes for ends other than which they were designed; or breach a duty to an individual and cause them harm either directly or by operation of the training and supervision in an establishment and through such action cause actual emotional distress to an individual.

24. However, based upon the facts above, Defendants Mino and Chisholm so inflicted harm on Mr. Lash in violation of the law and public policy of this state.

5

## V. PRAYER FOR RELIEF

Wherefore, Mr. Lash respectfully requests the Court:

A. Award him compensatory damages against each Defendant;

B. Award him punitive damages against each individual Defendant;

C. Enjoin Defendant Mino from further discriminating against him in a place public accommodations;

D. Award his legal, attorney, and expert witness fees and costs, 42 U.S.C. §§ 1988, 12205; and

E. Grant all other just and proper relief.

## JURY DEMAND

Mr. Lash demands a trial by jury in this action pursuant to Rule 38(B) of the Indiana Rules of Trial Procedure.

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ David W. Frank
David W. Frank, #31615-02
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: dfrank@myers-law.com
Counsel for Plaintiff, Mr. Robert Lash

DF/